# Exhibit 1

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| In re: the Application of TEXAS KEYSTONE INC., Applicant, pursuant to 28 U.S.C. § 1782 to issue subpoenas upon Prime Natural Resources Inc. and Jan Veldwijk for the taking of depositions and production of documents for use in a foreign proceeding | ) ) ) ) ) ) |

Civil Action No.

(If the action is pending in another district, state where:

### SUBPOENA TO TESTIFY AT A DEPOSITION
### OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Prime Natural Resources Inc., 2103 CityWest Blvd., Suite 1400, Houston, Texas 77042

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

A representative of Prime Natural Resources Inc. on the matters set forth in Schedule A.

| Place: Jones Day, 717 Texas, Ste. 3300, Houston, Texas 77002 | Date and Time: 07/09/2012 09:00 |
|---|---|

The deposition will be recorded by this method:  _Stenographic and/or video

❒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  TEXAS KEYSTONE INC.
_____ , who issues or requests this subpoena, are:
Katie J. Colopy, Jones Day, 717 Texas, Ste. 3300, Houston, Texas 77002
Email: kjcolopy@jonesday.com, Telephone: (832) 239-3939

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because _____ ; or

❐ Other *(specify):*

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____ _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**SCHEDULE A**

**DEFINITIONS**

For purposes of these Requests, the following definitions shall apply:

1. **"Collaboration Agreement"** shall mean the agreement entered into between Excalibur Ventures, LLC and Texas Keystone Inc., dated February 16, 2006 and titled "Collaboration, Evaluation, and Bidding Group Agreement in Respect of Iraqi Kurdistan."

2. **"Communications"** shall mean any manner or means of disclosure, transfer, exchange or conveyance of information to an entity including, but not limited to, any conversation, discussion, letter, memorandum, email, facsimile transmission, note, meeting or other transfer of information whether oral or written, or by any other means and includes any Document (as defined herein) which abstracts, digests, transcribes or records any communication.

3. **"Concerning,"** as used herein, means relating to, referring to, constituting, reflecting, concerning, pertaining to or evidencing or in any way logically or factually connecting with the matter described in these Requests.

4. **"Document"** shall include, without limitation, any writing (whether handwritten, typed, or other printed matter of any kind), drawing, graph, chart, photograph, radiograph, x-ray, phone-record, electronic or mechanical matter (including emails, microfilm of any kind or nature, tape recordings or digital recordings), or other data (in the form of compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form), and all non-identical copies of drafts of any of the foregoing, and shall include, without limiting the generality of the foregoing: correspondence; notes; spreadsheets; opinions; compilations; chronicles; minutes; resolutions; certificates; agendas; specifications; inter-office and intra-office communications; telegrams; teletypes; agreements; contracts; studies; reports;

quotations; memoranda; notes and recordings of telephone or other conversations, conferences or meetings; corporate minutes and resolutions; journal entries; notes and notations (whether separate or added to another document); desk calendars; appointment or memo books; diaries; telephone message pads or slips; work papers; summaries; opinions; analyses; evaluations; agendas; bulletins; brochures; manuals; schedules; books; accounts; ledgers; invoices; purchase orders; receipts; vouchers; checks (including all endorsements thereof); negotiable instruments; commercial paper; banker's items; electronic fund transfer requests or confirmations; payment orders; deposit slips; withdrawal slips; signature cards; affidavits; transcripts; newspaper clippings; any and all other writings, papers or tangible preservation of information of any kind; and any and all information stored in computers or other data storage or processing equipment (together with a copy of the software and information to the hardware configuration necessary to display and/or print the information in legible form); and all translations thereof.

5.  **"Excalibur"** shall mean Excalibur Ventures, LLC, and/or Thames Chesapeake L.P. Fund and their employees, agents (including but not limited to Robert Gordon), officers, directors, representatives, attorneys, affiliates, subsidiaries, successors or predecessors.

6.  **"Gulf Defendants"** shall mean Gulf Keystone Petroleum Limited, Gulf Keystone Petroleum International Limited, and Gulf Keystone Petroleum (UK) Limited.

7.  **"KRG"** shall mean Kurdistan Regional Government.

8.  **"Shaikan PSC"** shall mean the concession granted by the KRG by means of a Production Sharing Contract entered into in November of 2007 between the KRG, Texas Keystone, *et. al.*, and concerning an oil field known as the Shaikan Block and any subsequent agreements entered into to give effect to that concession.

9.  **"Texas Keystone"** shall mean Texas Keystone Inc. and any of its employees, agents, officers, directors, representatives, attorneys, affiliates, subsidiaries, successors or predecessors.

10. "**You," "Your"** and **"Prime"** shall mean Prime Natural Resources Inc., and its employees, agents, officers, directors, representatives, attorneys, affiliates, subsidiaries, successors or predecessors, specifically including but not limited to Jan Veldwijk and SVC.

## **TOPICS FOR DEPOSITION TESTIMONY**

Pursuant to the Federal Rules of Civil Procedure, Prime shall designate one or more knowledgeable persons who will testify about the following facts, circumstances, matters and transactions.

1.      Excalibur, Texas Keystone or the Gulf Defendants, the Collaboration Agreement or the Shaikan Concession.

2.      Investments or potential investments by Prime in/through Excalibur or in connection with the Shaikan Concession.

3.      Requests for funding, financing or investment of whatever nature prepared by or in respect of Excalibur or provided to Prime by Excalibur.

4.      Any due diligence, investigation, or research conducted by Prime or on Prime's behalf regarding Excalibur, Texas Keystone, the Gulf Defendants, the Collaboration Agreement or the Shaikan Concession.

5.      All communications, correspondence and negotiations between Prime and Excalibur and/or Excalibur's agents (specifically including but not limited to Robert Gordon) regarding Excalibur and/or a potential investment in/through Excalibur or the Shaikan Concession.

6.      Any ownership interest Prime has, had or was contemplating in Excalibur.

7.      Any prior or subsequent dealings with Excalibur other than in connection with the Shaikan PSC, including but not limited to in connection with other oil blocks in Kurdistan.

8.      Prime's interests (direct or indirect) in any other concessions granted by the KRG in Kuridstan and/or in entities participating in such concessions.

9.      Communications evidencing the negotiation and/or completion of any such interests in other concessions and/or in entities participating in such concessions and the terms thereof.

10.     Any ownership interest in any of the Gulf Defendants, including but not limited to the acquisition of shares in Gulf Keystone traded on the AIM market.

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

In re: the Application of TEXAS KEYSTONE INC.,
Applicant, pursuant to 28 U.S.C. § 1782 to issue
subpoenas upon Prime Natural Resources Inc. and
Jan Veldwijk for the taking of depositions and
production of documents for use in a foreign
proceeding

)
)
)
)
)
)

Civil Action No.

(If the action is pending in another district, state where:

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  Prime Natural Resources Inc., 2103 CityWest Blvd., Suite 1400, Houston, Texas 77042

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Jones Day, 717 Texas, Ste. 3300, Houston, Texas 77002 | Date and Time: 07/09/2012 09:00 |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   TEXAS KEYSTONE INC.
_____ , who issues or requests this subpoena, are:

Katie J. Colopy, Jones Day, 717 Texas, Ste. 3300, Houston, Texas 77002
Email: kjcolopy@jonesday.com, Telephone: (832) 239-3939

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because _____ ; or

❏ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .


I declare under penalty of perjury that this information is true.


Date: _____                     _____
                                                        *Server's signature*

                                          _____
                                                        *Printed name and title*


                                          _____
                                                        *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DEFINITIONS

For purposes of these Requests, the following definitions shall apply:

1. **"Collaboration Agreement"** shall mean the agreement entered into between Excalibur Ventures, LLC and Texas Keystone Inc., dated February 16, 2006 and titled "Collaboration, Evaluation, and Bidding Group Agreement in Respect of Iraqi Kurdistan."

2. **"Communications"** shall mean any manner or means of disclosure, transfer, exchange or conveyance of information to an entity including, but not limited to, any conversation, discussion, letter, memorandum, email, facsimile transmission, note, meeting or other transfer of information whether oral or written, or by any other means and includes any Document (as defined herein) which abstracts, digests, transcribes or records any communication.

3. **"Concerning,"** as used herein, means relating to, referring to, constituting, reflecting, concerning, pertaining to or evidencing or in any way logically or factually connecting with the matter described in these Requests.

4. **"Document"** shall include, without limitation, any writing (whether handwritten, typed, or other printed matter of any kind), drawing, graph, chart, photograph, radiograph, x-ray, phone-record, electronic or mechanical matter (including emails, microfilm of any kind or nature, tape recordings or digital recordings), or other data (in the form of compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form), and all non-identical copies of drafts of any of the foregoing, and shall include, without limiting the generality of the foregoing: correspondence; notes; spreadsheets; opinions; compilations; chronicles; minutes; resolutions; certificates; agendas; specifications; inter-office and intra-office communications; telegrams; teletypes; agreements; contracts; studies; reports;

quotations; memoranda; notes and recordings of telephone or other conversations, conferences or meetings; corporate minutes and resolutions; journal entries; notes and notations (whether separate or added to another document); desk calendars; appointment or memo books; diaries; telephone message pads or slips; work papers; summaries; opinions; analyses; evaluations; agendas; bulletins; brochures; manuals; schedules; books; accounts; ledgers; invoices; purchase orders; receipts; vouchers; checks (including all endorsements thereof); negotiable instruments; commercial paper; banker's items; electronic fund transfer requests or confirmations; payment orders; deposit slips; withdrawal slips; signature cards; affidavits; transcripts; newspaper clippings; any and all other writings, papers or tangible preservation of information of any kind; and any and all information stored in computers or other data storage or processing equipment (together with a copy of the software and information to the hardware configuration necessary to display and/or print the information in legible form); and all translations thereof.

5.    **"Excalibur"** shall mean Excalibur Ventures, LLC, and/or Thames Chesapeake L.P. Fund and their employees, agents (including but not limited to Robert Gordon), officers, directors, representatives, attorneys, affiliates, subsidiaries, successors or predecessors.

6.    **"Gulf Defendants"** shall mean Gulf Keystone Petroleum Limited, Gulf Keystone Petroleum International Limited, and Gulf Keystone Petroleum (UK) Limited.

7.    **"KRG"** shall mean Kurdistan Regional Government.

8.    **"Shaikan PSC"** shall mean the concession granted by the KRG by means of a Production Sharing Contract entered into in November of 2007 between the KRG, Texas Keystone, *et. al.*, and concerning an oil field known as the Shaikan Block and any subsequent agreements entered into to give effect to that concession.

9. **"Texas Keystone"** shall mean Texas Keystone Inc. and any of its employees, agents, officers, directors, representatives, attorneys, affiliates, subsidiaries, successors or predecessors.

10. "**You," "Your," "Prime"** shall mean Prime Natural Resources Inc., and its employees, agents, officers, directors, representatives, attorneys, affiliates, subsidiaries, successors or predecessors, specifically including but not limited to Jan Veldwijk and SVC.

## <u>INSTRUCTIONS</u>

1.      In producing documents pursuant to these requests, You are required to furnish all documents in Your possession, custody, or control that are known or available to You, regardless of whether those documents are currently possessed by Prime or by any of its agents, attorneys, investigators, representatives, financial advisors, consultants, officers, directors, or employees. You must make a diligent search of Your records (including, but not limited to, paper records, computerized records, electronic mail records and voicemail records) and of other papers and material in Your possession.

2.      If You contend that no documents exist relating to all or part of a request, state this contention and respond as fully as possible to all parts of the request for which any document does exist.

3.      Documents are to be produced in a way which identifies the request or requests to which each document applies, or as they are maintained in the usual course of business.  Documents to be produced shall be the original of all Documents in the regular files as maintained, together with any Documents that were clipped or attached to them, and, in addition, any originals or copies containing handwriting or other notations.  A complete and legible copy may be produced in lieu of producing the Document itself.

4.      A request for the production of any Document shall be deemed to include a request for all drafts thereof and all revisions, or modifications thereto, as well as all non-identical copies thereof, including any copies with handwriting or other notations.

5.      If any Document is withheld by You under a claim of privilege, You shall furnish a list signed by the person supervising the production of Documents that identifies and describes each Document for which the privilege is claimed, together with the following information with respect to each such Document:

        a)      title and date;

        b)      author, signer, any person who participated in its preparation and/or sender;

        c)      subject matter;

        d)      number of pages;

        e)      persons to whom copies were furnished or known to have seen the Document, together with their employer and job title;

        f)      the present custodian of the Document;

        g)      the basis on which the privilege is claimed; and

        h)      the nature of the privilege asserted as a basis for withholding the Document.

6.      Notwithstanding a claim that a Document contains privileged information or is otherwise partially immune from discovery, any such Document must be produced with the portion claimed to be protected excised.

7.      If any of the Documents cannot be produced in full, they shall be produced to the maximum extent possible and the responding party shall specify the reasons for the inability to produce the remainder.

8.      Where an objection is made to any request, the objection shall state with specificity all grounds for such objection.  Any ground not stated in a timely objection shall be waived.

9.      In the event that any Document covered hereunder has been destroyed, discarded or lost, the responding party shall identify each such Document by stating:  (a) the addressor and address; (b) the addresses of any indicated or blind copies; (c) the date, subject matter and number of pages or the Document; (d) a description of any attachments or appendixes to the Document; (e) the identities of all persons to whom the Document was distributed, shown or explained; (f) the date on which the Document was destroyed, discarded or lost, and the manner in which it was destroyed, discarded or lost; (g) the reasons for having the Document destroyed or discarded; and (h) the identities of the person authorizing and/or carrying out such destruction or discarding.

10.      When a corporation or a corporate entity is referred to herein, said reference shall be construed to include all predecessors and successors in interest, all affiliates, agents, representatives, departments, divisions or subsidiaries of such corporation or corporate entity, as well as all present and former directors, officers, representatives, employees, attorneys, agents and any other persons or entities acting on its behalf or under its control.

11.      As used herein, the connectives "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.      As used herein, the singular shall include the plural, the plural shall include the singular, the past tense shall include the present and the present tense shall include the past, so as to bring into the scope of definitions and document requests all matters which by any other construction would fall outside their scope.

13.      For purposes of this subpoena, the relevant time period for the production of documents described is January 1, 2007 through the present, unless otherwise indicated.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.      Excalibur, Texas Keystone or the Gulf Defendants, the Collaboration Agreement or the Shaikan Concession.

2.      Investments or potential investments by Prime in/through Excalibur or in connection with the Shaikan Concession.

3.      Requests for funding, financing or investment of whatever nature prepared by or in respect of Excalibur or provided to Prime by Excalibur.

4.      Any due diligence, investigation, or research conducted by Prime or on Prime's behalf regarding Excalibur, Texas Keystone, the Gulf Defendants, the Collaboration Agreement or the Shaikan Concession.

5.      All communications, correspondence and negotiations between Prime and Excalibur and/or Excalibur's agents (specifically including but not limited to Robert Gordon) regarding Excalibur and/or a potential investment in/through Excalibur or the Shaikan Concession.

6.      Any ownership interest Prime has, had or was contemplating in Excalibur.

7.      Any prior or subsequent dealings with Excalibur other than in connection with the Shaikan PSC, including but not limited to in connection with other oil blocks in Kurdistan.

8.      Prime's interests (direct or indirect) in any other concessions granted by the KRG in Kuridstan and/or in entities participating in such concessions.

9.      Communications evidencing the negotiation and/or completion of any such interests in other concessions and/or in entities participating in such concessions and the terms thereof.

10.     Any ownership interest in any of the Gulf Defendants, including but not limited to the acquisition of shares in Gulf Keystone traded on the AIM market.

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| In re: the Application of TEXAS KEYSTONE INC., Applicant, pursuant to 28 U.S.C. § 1782 to issue subpoenas upon Prime Natural Resources Inc. and Jan Veldwijk for the taking of depositions and production of documents for use in a foreign proceeding | ) ) ) ) ) ) | Civil Action No. (If the action is pending in another district, state where: |
|---|---|---|

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Jan Veldwijk
   Prime Natural Resources Inc., 2103 CityWest Blvd., Suite 1400, Houston, Texas 77042

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A

| Place: Jones Day, 717 Texas, Ste. 3300, Houston, Texas 77002 | Date and Time: 07/09/2012 09:00 |
|---|---|

The deposition will be recorded by this method:   Stenographic and/or video

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

         *CLERK OF COURT*
                                        OR

_____          _____
   *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   TEXAS KEYSTONE INC.
_____ , who issues or requests this subpoena, are:
Katie J. Colopy, Jones Day, 717 Texas, Ste. 3300, Houston, Texas 77002
Email: kjcolopy@jonesday.com, Telephone: (832) 239-3939

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because _____ ; or

❏ Other *(specify):*

                                                                                                          .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

                                        _____
                                                     *Server's signature*

                                        _____
                                                     *Printed name and title*

                                        _____
                                                     *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;

  **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

  **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# SCHEDULE A

# DEFINITIONS

For purposes of these Requests, the following definitions shall apply:

1. **"Collaboration Agreement"** shall mean the agreement entered into between Excalibur Ventures, LLC and Texas Keystone Inc., dated February 16, 2006 and titled "Collaboration, Evaluation, and Bidding Group Agreement in Respect of Iraqi Kurdistan."

2. **"Communications"** shall mean any manner or means of disclosure, transfer, exchange or conveyance of information to an entity including, but not limited to, any conversation, discussion, letter, memorandum, email, facsimile transmission, note, meeting or other transfer of information whether oral or written, or by any other means and includes any Document (as defined herein) which abstracts, digests, transcribes or records any communication.

3. **"Concerning,"** as used herein, means relating to, referring to, constituting, reflecting, concerning, pertaining to or evidencing or in any way logically or factually connecting with the matter described in these Requests.

4. **"Document"** shall include, without limitation, any writing (whether handwritten, typed, or other printed matter of any kind), drawing, graph, chart, photograph, radiograph, x-ray, phone-record, electronic or mechanical matter (including emails, microfilm of any kind or nature, tape recordings or digital recordings), or other data (in the form of compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form), and all non-identical copies of drafts of any of the foregoing, and shall include, without limiting the generality of the foregoing: correspondence; notes; spreadsheets; opinions; compilations; chronicles; minutes; resolutions; certificates; agendas; specifications; inter-office and intra-office communications; telegrams; teletypes; agreements; contracts; studies; reports;

quotations; memoranda; notes and recordings of telephone or other conversations, conferences or meetings; corporate minutes and resolutions; journal entries; notes and notations (whether separate or added to another document); desk calendars; appointment or memo books; diaries; telephone message pads or slips; work papers; summaries; opinions; analyses; evaluations; agendas; bulletins; brochures; manuals; schedules; books; accounts; ledgers; invoices; purchase orders; receipts; vouchers; checks (including all endorsements thereof); negotiable instruments; commercial paper; banker's items; electronic fund transfer requests or confirmations; payment orders; deposit slips; withdrawal slips; signature cards; affidavits; transcripts; newspaper clippings; any and all other writings, papers or tangible preservation of information of any kind; and any and all information stored in computers or other data storage or processing equipment (together with a copy of the software and information to the hardware configuration necessary to display and/or print the information in legible form); and all translations thereof.

5.    **"Excalibur"** shall mean Excalibur Ventures, LLC, and/or Thames Chesapeake L.P. Fund and their employees, agents (including but not limited to Robert Gordon), officers, directors, representatives, attorneys, affiliates, subsidiaries, successors or predecessors.

6.    **"Gulf Defendants"** shall mean Gulf Keystone Petroleum Limited, Gulf Keystone Petroleum International Limited, and Gulf Keystone Petroleum (UK) Limited.

7.    **"KRG"** shall mean Kurdistan Regional Government.

8.    **"Shaikan PSC"** shall mean the concession granted by the KRG by means of a Production Sharing Contract entered into in November of 2007 between the KRG, Texas Keystone, *et. al.*, and concerning an oil field known as the Shaikan Block and any subsequent agreements entered into to give effect to that concession.

9.   **"Texas Keystone"** shall mean Texas Keystone Inc. and any of its employees, agents, officers, directors, representatives, attorneys, affiliates, subsidiaries, successors or predecessors.

10.  "**You," "Your"** and **"Prime"** shall mean Prime Natural Resources Inc., and its employees, agents, officers, directors, representatives, attorneys, affiliates, subsidiaries, successors or predecessors, specifically including but not limited to Jan Veldwijk and SVC.

## <u>TOPICS FOR DEPOSITION TESTIMONY</u>

Pursuant to the Federal Rules of Civil Procedure, Prime shall designate one or more knowledgeable persons who will testify about the following facts, circumstances, matters and transactions.

1.      Excalibur, Texas Keystone or the Gulf Defendants, the Collaboration Agreement or the Shaikan Concession.

2.      Investments or potential investments by Prime in/through Excalibur or in connection with the Shaikan Concession.

3.      Requests for funding, financing or investment of whatever nature prepared by or in respect of Excalibur or provided to Prime by Excalibur.

4.      Any due diligence, investigation, or research conducted by Prime or on Prime's behalf regarding Excalibur, Texas Keystone, the Gulf Defendants, the Collaboration Agreement or the Shaikan Concession.

5.      All communications, correspondence and negotiations between Prime and Excalibur and/or Excalibur's agents (specifically including but not limited to Robert Gordon) regarding Excalibur and/or a potential investment in/through Excalibur or the Shaikan Concession.

6.      Any ownership interest Prime has, had or was contemplating in Excalibur.

7.      Any prior or subsequent dealings with Excalibur other than in connection with the Shaikan PSC, including but not limited to in connection with other oil blocks in Kurdistan.

8.      Prime's interests (direct or indirect) in any other concessions granted by the KRG in Kuridstan and/or in entities participating in such concessions.

9.      Communications evidencing the negotiation and/or completion of any such interests in other concessions and/or in entities participating in such concessions and the terms thereof.

10.     Any ownership interest in any of the Gulf Defendants, including but not limited to the acquisition of shares in Gulf Keystone traded on the AIM market.

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| In re: the Application of TEXAS KEYSTONE INC., Applicant, pursuant to 28 U.S.C. § 1782 to issue subpoenas upon Prime Natural Resources Inc. and Jan Veldwijk for the taking of depositions and production of documents for use in a foreign proceeding | ) ) ) ) ) ) |

Civil Action No.

(If the action is pending in another district, state where:

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES

To:   Jan Veldwijk
        Prime Natural Resources Inc., 2103 CityWest Blvd., Suite 1400, Houston, Texas 77042

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Jones Day, 717 Texas, Ste. 3300, Houston, Texas 77002 | Date and Time: 07/09/2012 09:00 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   TEXAS KEYSTONE INC.
_____, who issues or requests this subpoena, are:

Katie J. Colopy, Jones Day, 717 Texas, Ste. 3300, Houston, Texas 77002
Email: kjcolopy@jonesday.com, Telephone: (832) 239-3939

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because _____ ; or

❏ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .


I declare under penalty of perjury that this information is true.


Date: _____          _____

                                        *Server's signature*


                                 _____

                                        *Printed name and title*


                                 _____

                                        *Server's address*


Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**SCHEDULE A**

**DEFINITIONS**

For purposes of these Requests, the following definitions shall apply:

1.  **"Collaboration Agreement"** shall mean the agreement entered into between Excalibur

Ventures, LLC and Texas Keystone Inc., dated February 16, 2006 and titled "Collaboration,

Evaluation, and Bidding Group Agreement in Respect of Iraqi Kurdistan."

2.  **"Communications"** shall mean any manner or means of disclosure, transfer, exchange or

conveyance of information to an entity including, but not limited to, any conversation,

discussion, letter, memorandum, email, facsimile transmission, note, meeting or other transfer of

information whether oral or written, or by any other means and includes any Document (as

defined herein) which abstracts, digests, transcribes or records any communication.

3.  **"Concerning,"** as used herein, means relating to, referring to, constituting, reflecting,

concerning, pertaining to or evidencing or in any way logically or factually connecting with the

matter described in these Requests.

4.  **"Document"** shall include, without limitation, any writing (whether handwritten, typed, or

other printed matter of any kind), drawing, graph, chart, photograph, radiograph, x-ray, phone-

record, electronic or mechanical matter (including emails, microfilm of any kind or nature, tape

recordings or digital recordings), or other data (in the form of compilations from which

information can be obtained or translated, if necessary, through detection devices into reasonably

usable form), and all non-identical copies of drafts of any of the foregoing, and shall include,

without limiting the generality of the foregoing: correspondence; notes; spreadsheets; opinions;

compilations; chronicles; minutes; resolutions; certificates; agendas; specifications; inter-office

and intra-office communications; telegrams; teletypes; agreements; contracts; studies; reports;

quotations; memoranda; notes and recordings of telephone or other conversations, conferences or meetings; corporate minutes and resolutions; journal entries; notes and notations (whether separate or added to another document); desk calendars; appointment or memo books; diaries; telephone message pads or slips; work papers; summaries; opinions; analyses; evaluations; agendas; bulletins; brochures; manuals; schedules; books; accounts; ledgers; invoices; purchase orders; receipts; vouchers; checks (including all endorsements thereof); negotiable instruments; commercial paper; banker's items; electronic fund transfer requests or confirmations; payment orders; deposit slips; withdrawal slips; signature cards; affidavits; transcripts; newspaper clippings; any and all other writings, papers or tangible preservation of information of any kind; and any and all information stored in computers or other data storage or processing equipment (together with a copy of the software and information to the hardware configuration necessary to display and/or print the information in legible form); and all translations thereof.

5.    **"Excalibur"** shall mean Excalibur Ventures, LLC, and/or Thames Chesapeake L.P. Fund and their employees, agents (including but not limited to Robert Gordon), officers, directors, representatives, attorneys, affiliates, subsidiaries, successors or predecessors.

6.    **"Gulf Defendants"** shall mean Gulf Keystone Petroleum Limited, Gulf Keystone Petroleum International Limited, and Gulf Keystone Petroleum (UK) Limited.

7.    **"KRG"** shall mean Kurdistan Regional Government.

8.    **"Shaikan PSC"** shall mean the concession granted by the KRG by means of a Production Sharing Contract entered into in November of 2007 between the KRG, Texas Keystone, *et. al.*, and concerning an oil field known as the Shaikan Block and any subsequent agreements entered into to give effect to that concession.

9.  **"Texas Keystone"** shall mean Texas Keystone Inc. and any of its employees, agents, officers, directors, representatives, attorneys, affiliates, subsidiaries, successors or predecessors.

10. "**You,**" "**Your,**" "**Prime**" shall mean Prime Natural Resources Inc., and its employees, agents, officers, directors, representatives, attorneys, affiliates, subsidiaries, successors or predecessors, specifically including but not limited to Jan Veldwijk and SVC.

## <u>INSTRUCTIONS</u>

1.      In producing documents pursuant to these requests, You are required to furnish all documents in Your possession, custody, or control that are known or available to You, regardless of whether those documents are currently possessed by  Prime or by any of its agents, attorneys, investigators, representatives, financial advisors, consultants, officers, directors, or employees. You must make a diligent search of Your records (including, but not limited to, paper records, computerized records, electronic mail records and voicemail records) and of other papers and material in Your possession.

2.      If You contend that no documents exist relating to all or part of a request, state this contention and respond as fully as possible to all parts of the request for which any document does exist.

3.      Documents are to be produced in a way which identifies the request or requests to which each document applies, or as they are maintained in the usual course of business.  Documents to be produced shall be the original of all Documents in the regular files as maintained, together with any Documents that were clipped or attached to them, and, in addition, any originals or copies containing handwriting or other notations.  A complete and legible copy may be produced in lieu of producing the Document itself.

4.      A request for the production of any Document shall be deemed to include a request for all drafts thereof and all revisions, or modifications thereto, as well as all non-identical copies thereof, including any copies with handwriting or other notations.

5.      If any Document is withheld by You under a claim of privilege, You shall furnish a list signed by the person supervising the production of Documents that identifies and describes each Document for which the privilege is claimed, together with the following information with respect to each such Document:

  a)      title and date;

  b)      author, signer, any person who participated in its preparation and/or sender;

  c)      subject matter;

  d)      number of pages;

  e)      persons to whom copies were furnished or known to have seen the Document, together with their employer and job title;

  f)      the present custodian of the Document;

  g)      the basis on which the privilege is claimed; and

  h)      the nature of the privilege asserted as a basis for withholding the Document.

6.      Notwithstanding a claim that a Document contains privileged information or is otherwise partially immune from discovery, any such Document must be produced with the portion claimed to be protected excised.

7.      If any of the Documents cannot be produced in full, they shall be produced to the maximum extent possible and the responding party shall specify the reasons for the inability to produce the remainder.

8.      Where an objection is made to any request, the objection shall state with specificity all grounds for such objection.  Any ground not stated in a timely objection shall be waived.

9.      In the event that any Document covered hereunder has been destroyed, discarded or lost, the responding party shall identify each such Document by stating:  (a) the addressor and address; (b) the addresses of any indicated or blind copies; (c) the date, subject matter and number of pages or the Document; (d) a description of any attachments or appendixes to the Document; (e) the identities of all persons to whom the Document was distributed, shown or explained; (f) the date on which the Document was destroyed, discarded or lost, and the manner in which it was destroyed, discarded or lost; (g) the reasons for having the Document destroyed or discarded; and (h) the identities of the person authorizing and/or carrying out such destruction or discarding.

10.     When a corporation or a corporate entity is referred to herein, said reference shall be construed to include all predecessors and successors in interest, all affiliates, agents, representatives, departments, divisions or subsidiaries of such corporation or corporate entity, as well as all present and former directors, officers, representatives, employees, attorneys, agents and any other persons or entities acting on its behalf or under its control.

11.     As used herein, the connectives "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.     As used herein, the singular shall include the plural, the plural shall include the singular, the past tense shall include the present and the present tense shall include the past, so as to bring into the scope of definitions and document requests all matters which by any other construction would fall outside their scope.

13.     For purposes of this subpoena, the relevant time period for the production of documents described is January 1, 2007 through the present, unless otherwise indicated.

## **DOCUMENTS TO BE PRODUCED**

1.      Excalibur, Texas Keystone or the Gulf Defendants, the Collaboration Agreement or the Shaikan Concession.

2.      Investments or potential investments by Prime in/through Excalibur or in connection with the Shaikan Concession.

3.      Requests for funding, financing or investment of whatever nature prepared by or in respect of Excalibur or provided to Prime by Excalibur.

4.      Any due diligence, investigation, or research conducted by Prime or on Prime's behalf regarding Excalibur, Texas Keystone, the Gulf Defendants, the Collaboration Agreement or the Shaikan Concession.

5.      All communications, correspondence and negotiations between Prime and Excalibur and/or Excalibur's agents (specifically including but not limited to Robert Gordon) regarding Excalibur and/or a potential investment in/through Excalibur or the Shaikan Concession.

6.      Any ownership interest Prime has, had or was contemplating in Excalibur.

7.      Any prior or subsequent dealings with Excalibur other than in connection with the Shaikan PSC, including but not limited to in connection with other oil blocks in Kurdistan.

8.      Prime's interests (direct or indirect) in any other concessions granted by the KRG in Kuridstan and/or in entities participating in such concessions.

9.      Communications evidencing the negotiation and/or completion of any such interests in other concessions and/or in entities participating in such concessions and the terms thereof.

10.     Any ownership interest in any of the Gulf Defendants, including but not limited to the acquisition of shares in Gulf Keystone traded on the AIM market.